TOLEDO, PEORIA & WARSAW RAILWAY COMPANY

*v.*

RUSSELL B. FOSTER.

1. RAILROAD COMPANIES — *neligence of* — *for not sounding a bell or whistle at street crossings.* In an action against a railroad company for stock killed by one of its locomotive engines, near a street crossing, while running one of its trains through the corporate limits of a town, — *held,* that if such injury occurred before the train reached the street, and the bell or whistle of the locomotive was not sounded as required by the 38th section of the general railroad act, then, under the statute, the company was guilty of negligence, and liable for the injury occasioned thereby.

2. SAME. And in such case, the place where the injury occurred, as also the question, whether the company was running its train at too great a rate of speed, are matters of fact for the determination of the jury.

3. Same — *when injury occurs at a place, where the statute requires no signal — common law governs.* And if the injury occurred after the locomotive had passed the street, and at a place where the statute does not require the signal to be given, in that case, it is a question for the jury to determine whether or not, an omission to give the signal by sounding the bell or whistle, amounts to such negligence as will render the company liable for the injury done.

4. Former decisions. The case of the *Galena & Chicago Union R. R. Co.* v. *Dill*, 22 Ill. 264, referred to, as in point with this case.

5. Negligence — *when not a question of fact.* Negligence is a question of fact, except when it consists in the omission of a duty imposed by positive requirement of law.

Appeal from the Circuit Court of Livingston county; the Hon. Charles R. Starr, Judge, presiding.

The facts in this case are fully stated in the opinion.

Mr. Chief Justice Walker delivered the opinion of the Court:

This was an action brought by appellee before a justice of the peace, against appellant, for the killing of his cow with their engine and cars. The trial before the justice resulted in a judgment against appellant, from which an appeal was prosecuted to the Circuit Court, where another trial was had, resulting in a verdict for appellee. A motion for a new trial was entered, which was overruled by the court, and a judgment was rendered on the verdict, to reverse which the case is appealed to this court.

It appears from the evidence, that the animal was killed by the passenger train in January, 1866, within the corporate limits of the town of Fairhaven. Several persons testified that they saw the occurrence, and state that it took place on or near the road or street crossing. It appears, that the train was running at the rate of fifteen or twenty miles an hour. And the evidence strongly preponderates to establish the fact, that the whistle was not sounded nor the bell rung, until the engine was nearly in contact with the animal. That the rate of speed was so great, that the train passed the depot, and had to back up

to the station. It is contended, that the evidence shows that the cow was not killed until the train crossed the street, and that appellant was not therefore liable under the thirty-eighth section of the railroad law.

It seems to be established, that when the animal was first seen she was west of the crossing, and that the train was coming from that direction. When thrown from the track she lay east of the street, but whether she ran that distance before being struck, or whether she was carried from the west side of the crossing to the place where she lay, by the engine, does not very clearly appear. But it does appear, that the bell was not ringing or the whistle sounding, when she was first noticed and the train was approaching. If the collision occurred before the train reached the street, then, under the statute, the company were guilty of such negligence as would render it liable for the injury which resulted therefrom. Whether it so occurred was a question for the determination of the jury.

On the contrary, if the cow was killed after the engine had passed the street, and at a place where the statute did not require the signal, still it was a question for the jury, under the common law, to say whether it was negligence. In the case of *Galena & Chicago Union Railroad Co.* v. *Dill*, 22 Ill. 264, it was held, that where the statute failed to require a railroad company to ring a bell or sound a whistle, the parties were left to their common law rights and duties. That both parties were bound to the use of every reasonable precaution to avoid injury to the other, and that it was a question for the determination of a jury whether it was, under all the circumstances, negligence for the servants of the road to omit the ringing of the bell or sounding of the whistle. It is for them to determine whether such acts would have tended to prevent the injury. That negligence is a question of fact, except it consists in the omission of a duty imposed by positive requirement of law. Our experience teaches, that while the sound of a bell might, and, perhaps, would not alarm cattle, and cause them to leave the track, still the sound usually made for the purpose by the whistle, ordinarily does have that effect when made in proper time.

27 — 43d Ill.

If either ringing the bell or the sounding of the whistle would have prevented the injury, it was the duty of the servants of the company to have done so, although at a place where the statute has omitted to make the positive requirement. The common law requiring all reasonable efforts by both parties to avoid injury, it was for the consideration of the jury to say whether the sounding of the whistle was calculated to avoid the collision, and whether it was reasonable to require it. It was also for the determination of the jury, whether the company were running their train at too great a speed through or into a populous town, where persons and animals are constantly passing and repassing, and where there is necessarily great danger of injury to such persons and property. They seem to have passed upon these questions, and we are not prepared to say that their verdict is not sustained by the evidence. Appellee asked no instructions, and those asked by appellant were all given, and hence, no question arises upon the law as given to the jury. We perceive no error in this record, and the judgment is therefore affirmed.

*Judgment affirmed.*